UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TONY BUNTON                                                                                          PLAINTIFF

V.                                                       CIVIL ACTION NO.4:04CV354-GHD-JAD

CORRECTIONS CORPORATION OF AMERICA, ET AL                              DEFENDANTS

## REPORT AND RECOMMENDATION

On October 6, 2005, plaintiff, an inmate of the Mississippi Department of Corrections, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Bunton alleges that he slipped and fell because of a puddle of water near his bed while he was housed at the Delta Correctional Center. This facility is run by the Corrections Corporation of America. Bunton claims that prison authorities were well aware of the leak because other inmates had been previously moved from his bed due to the leak.. He alleges that Warden Jody Bradley had been told about the leak, but did nothing. He alleges that Thomas, a case manager, assigned him to the bed adjacent to the leak. He alleges that Jones, McTims, and Lt. Noral were present at the time of the incident.

Bunton also claims he received inadequate medical care, citing the personal involvement of Dr. Johnson and C. Porter, a medical supervisor in the denial of care.

He seeks to hold Christopher Epps liable based on his status as the commissioner of the Mississippi Department of Corrections. He also claims that B. Harris, Horns, and Maxwell are liable

though their only involvement was in the processing of his grievance. These individuals were not personally involved in the incidents. In a § 1983 action the employers and supervisors cannot be held liable for the actions of prison employees under a respondeat superior theory of liability. *Monell v. Department of Social Services*, 436, U.S. 658, 98 S. Ct. 2018, 56 l. Ed. 611(1978).

Accordingly it is recommended Christopher Epps, B. Harris, "Unknown" Horns, "Unknown" Maxwell be dismissed with prejudice. Process is being issued for the following: 1) Corrections Corporation of America;, 2) Jody Bradley, Superintendent of Delta Correctional Center; 3) Delta Correctional Center; 4) Dr. "Unknown "Johnson; 5) "Unknown" Jones, a sergeant; 6) "Unknown" McTims, CO; 7) "Unknown" Noral, a lieutenant; 8) "Unknown" Thomas, CO; and 9) C. Porter, a medical supervisor.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal

of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 12th day of October, 2005.

/s/ JERRY A. DAVIS  
UNITED STATES MAGISTRATE JUDGE