UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION


TONY BUNTON                                                          PLAINTIFF

V.                                              CIVIL ACTION NO.4:04CV354-GHD-JAD

CORRECTIONS CORPORATION OF AMERICA, ET AL.                          DEFENDANTS


## REPORT AND RECOMMENDATION

In the early morning hours of May 15, 2004, after what all the parties characterize as a very heavy rain, Tony Bunton, an inmate at Delta Correctional Facility, says he fell in a puddle of water, adjacent to his assigned bunk, which is also called a rack. He re-injured his back.   His complaint seeks damages for this injury and the alleged failure to provide appropriate medical care for the injury.  The defendants are Corrections Corporation of America (CCA), Delta Correctional Facility (DCF), Jody Bradley, the superintendent at DCF, three of DCF's correctional officers, Mack Tims, Ronnie Jones, Samuel Norals, a medical supervisor, Gwen Porter, a case manager, Tywone Thomas, and Dr. Whitman Johnson, a contract physician.  Johnson has filed a separate motion for summary judgment.  The remaining defendants, other than Porter, have filed a motion to dismiss for failure to state a claim and/or for summary judgment (Doc. 98).  Porter was apparently inadvertently omitted from this motion.  Tony Bunton has filed a single response to the motions.

## FACTUAL BACKGROUND

Tony Bunton was placed in Delta Correctional Facility, a private prison run by Corrections Corporation of America in April, 2004.  He was placed in the B-Zone of the Coyote Building which is a large area housing numerous inmates.  A portion of the B-Zone is a day area with a television

and tables with built in seats. This zone also has a sleeping area with multiple bunk beds. Bunton was assigned to Bed # 91 by Thomas. According to Bunton's pleadings, which are under oath, there had been problems with the roof leaking in the area of his assigned bed. The complaint alleges these leaks resulted in two inmates being removed from the bed before he was assigned. He claims that Thomas assigned him to this bunk with full knowledge of the leaks which he characterizes as creating "hazardous and oppressive unsafe area." He specifically alleges that two inmates told Ms Thomas about the problem, including one named Jason Stockstill. Bunton alleges he was placed in the bunk without the leak being fixed. He has also included Tims, Jones and Norals, who happened to be on duty at the time of the incident, alleging that they failed to inform higher ups of the unsafe building conditions. When Bunton fell, a facility nurse, Betty Taylor, was by all accounts immediately summoned. Shortly thereafter an ambulance was called and transported Bunton to Greenwood Leflore Hospital for treatment. His complaint asserts that he was scheduled to see Johnson on June 8, 2004 for followup. He alleges that in spite of multiple sick call requests from June through December, he was not seen by Dr. Johnson until December 29, 2004. His complaint against Porter is limited to claims regarding the medical care provided to him.

## SUMMARY JUDGMENT AND RULE 12(B)(6) STANDARDS

Because a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim "is viewed with disfavor and is rarely granted" *Lowry v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997) *quoting, Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), the courts cannot dismiss a complaint, or any part of it, for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir.

1995), *quoting, Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In considering a Rule(12)(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). This motion is decided solely on the pleadings. *Id.*; *Spivey v.Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229, 120 S.Ct. 2659, 147 L.Ed.2d 274 (2000). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when viewed in the light most favorable to the plaintiff, with every doubt resolved in favor the plaintiff. *Lowery*, 117 F.3d at 247. The plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) .

Summary judgment is not similarly disfavored and shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Rule 56(e) Fed.R.Civ.P. requires that materials supporting or opposing the motion be admissible at trial. Material that would be inadmissible cannot be considered on a motion for summary judgment since it would not establish a genuine issue of material fact.

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265(1986) If the

party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald,* 893 F.2d 787, 793(5th Cir. 1990).

The moving party must make an initial showing that there is no dispute of material fact or that there is a failure of proof of an element of the claim. If this showing is made, the non-movant must go beyond pleadings and submit specific evidence showing that there are one or more genuine issues of fact to be resolved by trial. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(emphasis omitted). While all facts are considered in favor of the non-moving party, including all reasonable inferences therefrom, *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995), the nonmovant's burden, " is not satisfied with 'some metaphysical doubt as to the material facts,' *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356, by 'conclusory allegations,' *Lujan,* 497 U.S. at 871-73, 110 S.Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir.1994)." *Little v. Liquid Air Corp.* at 1075.[1] Summary judgment is appropriate if "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Armstrong v. City of Dallas,* 997 F.2d 62 (5th Cir.1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted.

---

[1] Quoting from *Matsushita Electric Indus.Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed. 2d 538(1986) and *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 111L.Ed.2d 695(1990).

These standards have been applied in evaluating the pleadings under Rule 12(b)(6) and the evidence of record in support of and opposition to the motion for summary judgment.

<u>ANALYSIS</u>

<u>CLAIMS FOR DENIAL OF MEDICAL CARE</u>

The undersigned has submitted a separate report and recommendation on Dr. Johnson's motion for summary judgment recommending that it be granted.  Bunton's sworn allegations regarding his medical care in his complaint have been repudiated by his deposition testimony and his medical records. [2]  The Johnson report and recommendation recites the the details of the treatment received by Bunton and is incorporated herein by reference.  The undisputed proof in the record shows that Bunton was repeatedly treated for his medical condition and prescribed medications for pain relief.  The care may not have been what Bunton wanted, nor provided by the his choice of personnel, but as a matter of law, there is no proof of deliberate indifference to Bunton's serious medical needs by any defendant.  The motion for summary judgment on claims for failure to provide for Bunton's needs should be granted.

The defendant Porter was not named in the motion for summary judgment.  Bunton for his part responded to the motion as if Porter was included.  Bunton cannot claim to be either surprised nor prejudiced by the court including her in dismissing the case on summary judgment.  It would be an act of futility not to include her in the dismissal on summary judgment.  Alternatively, Porter should be dismissed upon the court's motion for failure to state a claim.  Crediting Bunton's

_____

[2] Bunton only questions the completeness of his medical records for February, 2005.  His response tracks and discusses the medical records.

allegations that he was deprived of all medical care from June to December of 2004, [3] the plaintiff has not included any factual allegations that Porter was involved in any deprivation of care, except by conclusory allegations against all 'defendants.'  This is insufficient.  Porter is alleged to have violated "the state law of conversion and the regulations and policies of Mississippi Department of Corrections with respect to the handling of the prisoner's life and liberty and prisoner's right to access to medical treatment and to be protected from personal injuries and physical abuse since the government had a duty to care for and protect prisoner's in its custody."  This addresses Bunton's legal contentions, not factual allegations, and does not state a claim.  The only factual allegation found in the record regarding Porter is in Bunton's response to the motions for summary judgment. He states that he filled out an inmate request form addressed to Porter and was told that all requests for medical care were to be submitted on a sick call request.  This factual allegation is not sufficient to avoid either Rule 12(b)(6) dismissal or summary judgment.  Bunton has failed to state a claim against the defendant, Gwen Porter, and the case should therefore be dismissed with prejudice as to her.

CLAIMS FOR INJURY

Bunton's § 1983 claim is based on the Eighth Amendment prohibition against cruel and unusual punishment.  To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoners' interests or safety.  *Whitley v. Albers*, 475 U.S. 312, 319 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986); *Gillespie v. Crawford*, 833 F.2d 47, 50 (5th Cir. 1987).  "It is obduracy and wantonness, not inadvertence or

---

[3] This ignores, as the court must for Rule 12(b)(6) purposes, the now uncontested fact that these allegations are false.

error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Whitley*, 475 U.S. at 319, 106 S.Ct. 1084. Furthermore, "if the pain inflicted is not formally meted out *as punishment* by the statute or sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify" as cruel and unusual punishment in violation of the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 2325, 115 L.Ed.2d 271 (1991). Where as in this case, the challenge is not to the general conditions of confinement and policies,[4] but asserts an episodic act or omission by a jail official, a prisoner must show that the inflicting officer has exhibited "deliberate indifference" to such conditions. *Hare v. City of Corinth, MS*, 74 F. 3d 633 (5th Cir. 1996). Mere negligence does not satisfy the "deliberate indifference" standard. *Brinkmann v. Johnston*, 793 F.2d 111 (5th Cir. 1986).

A review of the record, construing the facts most favorably to Bunton, shows that DCF had a continuing problem with a leaking roof. They had made at least one attempt prior to Bunton's injury to correct the leak. Per the affidavit of inmate Arron Gary this leak contributed to the injuries of "two other inmates" during the time he was housed at DCF between May and December 2004. The pertinent time period for Bunton is actually before May 15, 2004. There is no admissible proof regarding Bunton's claim that two inmates had been moved from the rack due to the leak prior to his injury. Nor is there any proof that any of the named defendants had actual knowledge prior to Bunton's injury that the roof was continuing to leak or that it would leak badly in a heavy rain.

---

[4] Bunton included official capacity claims against all of the defendants. To the contrary, he testified in deposition that he had no disagreement with any policies, but rather with the manner in which his case was handled.

Bunton alleges in his complaint that Thomas had actual knowledge of the leak, because two inmates had told her about the leak. He has not offered any affidavit of any individual, based on personal knowledge, that Thomas or any defendant had actual knowledge of the leaking roof prior to Bunton's injury. Arron's affidavit that "personnel" at DCF were aware of the ongoing problem and ignored complaints shows neither the time frame of any complaints, nor the individuals involved.

Additionally, the defendants are quite right in another point. Any roof may develop a leak. That the roof at DCF leaked and that the problem proved to be persistent is not indicative of subhuman, unconstitutional conditions, particularly were there is undisputed evidence of generally good conditions in the physical facilities and programs of the prison. There is at least one attempt to fix the leak before the injury and attempts to clean up water from leaks. There is no proof that anyone sued in this action appreciated a serious risk to the safety and welfare of Bunton and chose to ignore the risk. The actions and inactions alleged against the defendants in regard to the leaking roof amount to a claim of simple negligence at most. Bunton has failed to establish any element of his claim other than the fact of his injury. The motion for summary judgment should be granted.

The undersigned recommends that the motion for summary judgment be granted as to the defendants Corrections Corporation of America, Delta Correctional Facility, Bradley, Tims, Jones, Noral, Porter and Thomas. Additionally and alternatively, the undersigned recommends that the complaint be dismissed as to Gwen Porter on the basis of the failure to state a claim.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten

days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 27th day of April, 2007.


/s/ Jerry A. Davis
UNITED STATES MAGISTRATE JUDGE